## Zimmerman v. Dolinsky, Appellant.

*Landlord and tenant—Rent—Affidavit of defense.*

In an action to recover rent under a written lease an affidavit of defense is insufficient which avers that the consideration for the lease was an agreement to make the premises habitable by removing water from the cellar, that the plaintiff had been requested to

do something at each recurring rent day and had refused, and that the defendant continued to pay rent but finally left the premises.

Argued Nov. 17, 1916. Appeal, No. 250, Oct. T., 1916, by defendant, from order of C. P. No. 2, Philadelphia Co., June T., 1916, No. 367, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John Zimmerman v. Henry J. Dolinsky. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for rent.

The affidavit of defense was in part as follows:

The consideration for making the said lease was the agreement by the plaintiff to make the premises habitable by removing from the cellar of said premises a body of water which had therein collected; and by repairing the premises in such manner as to prevent the cellar thereof from again becoming and being wet, damp and unsanitary.

The defendant admits that he entered into possession of the premises before the plaintiff made the repairs agreed upon, and that thereafter he continuously urged the plaintiff to perform his agreement and make the repairs but the plaintiff failed and refused to do so. He admits that he occupied the premises until the 23d day of January, A. D. 1916, having paid each and every monthly payment of rent as it became due, and on each and every occasion demanding that the plaintiff carry out his agreement, but that on account of the plaintiff's failure and refusal to make the repairs agreed upon and to remove the water from the cellar and to prevent it from again becoming wet and damp, the premises became so dangerous, unsafe and unsanitary and so detrimental to the health and comfort of the defendant and his family as to be longer used as a place of human habitation and he accordingly vacated the said premises on the day aforesaid.

31, (1917).]    Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*Robert J. Kennedy,* for appellant.

*Frank B. Stockley,* for appellee.

OPINION BY HEAD, J., July 13, 1917:

The suit is by a landlord to recover three months' rent due under the terms of a written lease. The tenancy was for one year, the rent being payable monthly in advance. The lessee went into possession under the lease and regularly paid his rent monthly for eight or nine months. He then abandoned the premises without the consent of the lessor. In his affidavit of defense he avers "The consideration for the lease was the agreement to make the premises habitable" by removing water from the cellar, etc. He further avers that on each recurring rent day he renewed his request or demand the lessor should do something. The lessor in turn just as regularly declined to do anything and the tenant then paid the monthly rent. This is all in the way of defense exhibited by the defendant's affidavit.

The learned court below was therefore clearly right in making absolute the rule for judgment for want of a sufficient affidavit of defense.

Judgment affirmed.